UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMANDA DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEYBANK N.A.; KEYBANK TRUST d/b/a AMERICAN EDUCATION SERVICES LLC d/b/a KEYCORP STUDENT LOAN TRUST,<br><br>Defendants. | Case No. 2:22-cv-01645-JAD-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Stay Discovery filed by KeyBank. ECF No. 34. KeyBank seeks a stay until its Motion to Dismiss and Motion to Strike are decided. *Id*. In its Motion, KeyBank also argues, *inter alia*, that even if a complete stay of discovery is not granted, the Court should stay class discovery. American Education Services joined KeyBank's Motion to Stay. ECF No. 38. Plaintiff filed an Opposition to KeyBank's Motion (ECF No. 41), and Replies were filed by KeyBank and American Education Services at ECF Nos. 47 and 48. All of these filings were considered by the Court.

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602-03. Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the

potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

The Court took a preliminary peek at the Motion to Dismiss, the Motion to Strike, and Oppositions and replies thereto. One of—if not the—central question presented is whether Plaintiff's student loans were discharged through an Order of Discharge entered by the Bankruptcy Court on February 26, 2019. ECF No. 40-3. If Plaintiff's student loans were discharged, at least some of her claims will likely proceed. If Plaintiff's student loans were not discharged, all of her claims will likely fail. Until there is a determination of this issue, there is no basis for proceeding with class discovery because Plaintiff's status as a typical and adequate class representative is in question.

Rule 23(a) of the Federal Rules of Civil Procedure seeks to ensure, among other things, that the named plaintiff is an appropriate representative of the class whose claims she seeks to litigate. If Plaintiff's claims against Defendants are dismissed because her student loans were not discharged in bankruptcy, Plaintiff cannot serve as the class representative as she will not be typical of a class whose student loans were discharged in bankruptcy. The simplicity of this issue overrides all other arguments made by the parties and demonstrates why discovery related to the class Plaintiff seeks to represent should not go forward at this time.

However, as KeyBank discusses in its Motion to Dismiss (ECF No. 40 at 23), the Second Circuit, when very recently deciding whether a student loan was dischargeable in bankruptcy, noted that it previously "rejected an interpretation of section 523(a)(8)(A)(ii) [of the Bankruptcy Code] that would have drawn virtually all student loans within its scope and 'swallowed up' the other subsections of section 523(a)(8), which delineate specific categories of nondischargeable educational debt." *Mader v. Experian Info Sols., Inc.*, 56 F.4th 264, 268 (2nd Cir. 2023) (internal

quote marks and citations omitted; brackets appearing in original omitted).  The Second Circuit further explained that "the accuracy of Experian's reporting that the debt was still owed depends on whether it is dischargeable, which itself depends on whether section 523(a)(8)(A)(i) applies to" the loans at issue.  *Id*. at 269 (internal quote marks omitted).  Ultimately, the Second Circuit stated "bankruptcy courts … [have] denied summary judgment to the debtors and proceeded to trial on the question of the applicability of section 523(a)(8)(A)(i) to the specific loans at issue." *Id*. at 270.  The court explaines that "ascertaining whether … [the plaintiff's] debt was discharged would require resolving the factual dispute over the funding and structure of the … [loan] program." *Id*.  Applied here, even though this case is not yet at the summary judgment phase of proceedings, the very recent case law from the Second Circuit demonstrate that some discovery is necessary before the dischargeability of Plaintiff's student loans can be decided.  Until the issue of whether KeyBank student loans to Plaintiff were discharged is resolved, discovery pertaining to the putative class is properly stayed.

Accordingly, IT IS HEREBY ORDERED that KeyBank's Motion to Stay Discovery (ECF No. 34) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery shall proceed with respect to whether Plaintiff, Amanda Davis, received a discharge of her student loans through KeyBank when she received her bankruptcy discharge in February 2019.

IT IS FURTHER ORDERED that all other discovery is stayed at this time.  No discovery pertaining to the putative class is to proceed.  No discovery pertaining to Plaintiff's common law claims are to proceed.

IT IS FURTHER ORDERED that the parties shall have 90 days measured from the first day following the date of this Order to conduct discovery pertaining to the discharge of Plaintiff's student loan debt owed to KeyBank.  All discovery must be set and completed by **June 19, 2023**.

IT IS FURTHER ORDERED that no later than **June 29, 2023**, the parties must submit a status report regarding the (1) pending Motion to Dismiss and Motion to Strike, (2) whether the discovery allowed under this Order is complete and, if not why not, (3) whether additional discovery is sought on the topic allowed by this Order or on any other topic at issue, and (4) whether either

party seeks to proceed with a motion for summary judgment based on the outcome of the discovery allowed under this Order. Note that if the Motion to Dismiss is decided before the date for the first status report is due, and that decision disposes of this case in its entirety, the due date for the first status report is automatically vacated.

IT IS FURTHER ORDERED that the Joint Discovery Plan and Scheduling Order (ECF No. 30) is DENIED as moot.

Dated this 20th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE