

# United States Bankruptcy Court

## District of Nevada

**Bankruptcy Case Number: BK-S 18-16836 HLB**

**Chapter: 7**

**Adversary Proceeding Number: 23-1110 HLB**

In re:

AMANDA RAE DAVIS

—————————— Debtor(s)

AMANDA DAVIS, Individually and on
Behalf of all Others Similarly Situated

Plaintiff(s)

vs

KEYBANK, N.A.; KEYBANK TRUST dba
AMERICAN EDUCATION LOAN
SERVICES LLC dba KEYCORP STUDENT
LOAN TRUST

Defendant(s)

—————————————————

**RE: 22-cv-01645 JAD-EJY**

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNS......IES OF RECORD

JUN 0 4 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**TRANSMITTAL FORM REGARDING MEMORANDUM DECISION AND
RECOMMENDATION BY THE UNITED STATES BANKRUPTCY COURT FOR
REVIEW BY A UNITED STATES DISTRICT COURT JUDGE**



To: U.S. District Court

Lloyd D. George United States Courthouse and Federal Building, 333 Las Vegas Blvd., South, Las Vegas, Nevada 89101

Date Bankruptcy Filed - 11/16/18;  Adversary Filed - 07/17/23

Related Matters in District Court - 22-cv-01645 JAD-EJY

Bankruptcy Judge - Honorable Hilary L. Barnes

Date of Memorandum Decision and Recommendation - 05/10/24

Date Of Order Certifying Matter to District Court  - Not Applicable

(See related docket entries as reflected on the docket sheet in Adv. 23-1110 HLB)

BY THE COURT

Mary A. Schott

Mary A. Schott

Clerk of the Bankruptcy Court

**United States Bankruptcy Court**

**District of Nevada**

Bankruptcy Case Number: BK-S 18-16836 HLB

Chapter: 7

Adversary Proceeding Number: 23-1110 HLB



RE: 22-cv-01645 JAD-EJY

In re:

AMANDA RAE DAVIS

_____ Debtor _____

AMANDA DAVIS, Invidually and on Behalf
of all Others Similarly Situated

Plaintiff(s)

vs

KEYBANK N.A; KEYBANK TRUST dba
AMERICAN EDUCATION SERVICES LLC
dba KEYCORP STUDENT LOAN TRUST

Defendant(s)

_____

**NOTICE OF FILING OF 28 U.S.C. § 157 ( c) MEMORANDUM DECISION AND
RECOMMENDATION BY THE UNITED STATES BANKRUPTCY COURT FOR
REVIEW BY A UNITED STATES DISTRICT COURT JUDGE**



To: U.S. District Court

Lloyd D. George United States Courthouse and Federal Building, 333 Las Vegas Blvd., South, Las Vegas, Nevada 89101

Date Bankruptcy Filed - 11/16/18; Adversary Filed- 07/17/23

Related Matters in District Court - 22-cv-01645 JAD-EJY

Bankruptcy Judge - Honorable Hilary L. Barnes

Date of Memorandum Decision and Recommendation - 05/10/24

BY THE COURT

Mary A. Schott

Mary A. Schott

Clerk of the Bankruptcy Court



*Hilary L. Barnes*
_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
May 10, 2024

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Amanda Rae Davis,<br><br>      Debtor.<br>━━━━━━━━━━━━━━━━━<br>Amanda Davis, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>KeyBank, N.A.; and Keybank Trust d/b/a American Education Services, LLC, d/b/a KeyCorp Student Loan Trust,<br><br>      Defendants. | Case No. 18-16836-HLB<br><br>Chapter 7<br><br><br><br>Adv. Pro. No. 23-01110-HLB |

## MEMORANDUM DECISION AND RECOMMENDATION

This Decision and Recommendation relates to two motions filed in the above-captioned adversary proceeding ("Adversary"): (i) the *Motion to Dismiss, or Alternatively, for Summary Judgment* [ECF No. 9] ("AES Motion") filed by Pennsylvania Higher Education Assistance Agency ("AES"),[1] and (ii) the *Motion to Dismiss* [ECF No. 20] ("KeyBank Motion," and with

_____

[1] According to Motion to Dismiss at ECF No. 9, and the Errata filed at ECF No. 33, Pennsylvania Higher Education Assistance Agency (PHEAA) should be referenced as American Education Services, LLC ("AES"), and therefore, AES will be identified herein as such.

1



1  the AES Motion, the "Motions") filed by KeyBank, N.A. ("KeyBank").  The Court considers the

2  Motions together because they involve and assert the same factual and legal issues.

3  <center>**Procedural History**</center>

4          On September 28, 2022, Plaintiff Amanda Davis ("Davis") commenced an action on

5  behalf of herself and a putative class in the United States District Court for the District of

6  Nevada ("District Court") against KeyBank and AES ("Defendants"), Case No. 22-01645.  On

7  November 4, 2022, Davis filed her First Amended Complaint ("FAC") seeking damages for

8  Defendants' alleged violations of the discharge injunction under 11 U.S.C. § 524 ("524

9  Claim"), the Fair Credit Reporting Act ("FCRA"), the Nevada Deceptive Trade Practices Act

10  ("NDTPA"), and unjust enrichment.  ECF No. 1, ¶¶ 138-172. In response, KeyBank filed a

11  motion to dismiss the FAC.

12          After hearing and consideration, the District Court entered an order denying KeyBank's

13  motion to dismiss without prejudice and referred to this Court "all core bankruptcy issues in this

14  case and non-core issues that the parties consent to be adjudicated by the bankruptcy court—

15  subject to the limitation on that court's jurisdiction." ECF No. 2. Consequently, on July 17,

16  2023, after Davis's Chapter 7 case was reopened, Davis commenced this Adversary by refiling

17  the FAC in this Court. ECF No. 1. After being served, Defendants timely filed the Motions.[2]

18  The Court heard oral argument on December 7, 2023, and thereafter took the matter under

19  submission.

20  <center>**Jurisdiction**</center>

21          Pursuant to 28 U.S.C. §§ 1334(b), LBR 1001(b)(1) and 28 U.S.C. § 157(b)(3), the Court

22  determines that the 524 Claim presents a core claim under 28 U.S.C. § 157(b)(2)(I) and (O).

23  Although the remaining claims arise directly from the 524 Claim, on their face, they are non-

24  core claims. The Court has "related to" jurisdiction to consider and decide these non-core claims

25  only with the Defendants' consent.  Davis consented to this Court's entry of final judgment on

26  _____

27  [2]  In addition to its own Motion, AES filed joinders to the KeyBank Motion and Reply. ECF
    Nos. 23 and 36.

<center>2</center>



1  the non-core claims, but Defendants did not. Therefore, pursuant to binding Ninth Circuit law,

2  the Court will (i) enter a final judgment dismissing the 524 Claim with prejudice, and (ii)

3  submit these findings of fact and conclusions of law to the District Court as contemplated by 28

4  U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033 and recommend dismissal of the non-core claims

5  with prejudice.

6  **Factual Findings**

7     The following facts are undisputed.

8     In 2005, Davis began attending the College of St. Rose.  In connection with her

9  attendance, she applied for and obtained private student loans from KeyBank totaling

10  $10,752.68 ("KeyBank Loans") pursuant to two Student Loan Promissory Notes ("Notes") that

11  Davis executed on August 12, 2005, and December 2, 2005 (ECF No. 9, Exhibits A and B).[3]

12  AES acts as the loan servicer of the KeyBank Loans. (ECF No. 9, p. 4, ¶ 1).

13     On November 16, 2018, Davis filed her Chapter 7 bankruptcy, Case No. 18-16836

14  ("Administrative Case") (ECF No. 1).[4]  On her bankruptcy schedules, signed under penalty of

15  perjury, Davis identified "Aes/Key Corp Trust"[5] as a creditor, indicated that the debt was

16  undisputed, checked the box "Student loans" to describe the type of claim, and voluntarily

17  added the descriptor "Educational." (Id., p. 24, Sec. 4.2 and 4.3).

18  _____

19  [3] When determining a Rule 12(b)(6) motion, generally a court may not consider any materials outside the pleadings; the rule expressly states in that case that the court "shall" treat the motion

20  as one for summary judgment pursuant to Rule 56. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted). However, the court is permitted to look beyond the

21  complaint for "unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no

22  party questions the authenticity of the document." United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (quotation omitted). "[C]ourts must consider the complaint in its

23  entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and

24  matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd. 551 U.S. 308, 322 (2007) (citation omitted).  Here, the FAC references and incorporates the

25  documents cited herein; therefore, the Court considers them in rendering this decision.

26  [4] The Court's taking judicial notice of the record in this Adversary and the Administrative Case does not convert the Motions to summary judgment motions. Sobayo v. Nguyen (In re Sabayo), 2021 WL 2450657, at *4 (9th Cir. B.A.P. 2021).

27  [5] It is undisputed that KeyBank is the lender and holder of the Notes.

3

000513                                65203000514040



1    During Davis's bankruptcy, the Court made no determination regarding whether the
2  KeyBank loans were excepted from discharge under 11 U.S.C. § 523(a)(8).[6]  Davis does not
3  assert that the KeyBank Loans should be discharged based on "undue hardship"; rather, she
4  asserts that the KeyBank Loans were discharged because they are "mixed-use" or non-qualified
5  education loans and not "qualified education loans." Defendants dispute this contention.
6    On February 26, 2019, this Court entered a form Order of Discharge under 11 U.S.C.
7  § 727, indicating the types of debts that are not discharged including "debts for most student
8  loans" (Case No. 18-16836, ECF No. 15).  On March 1, 2019, the Court closed the
9  Administrative Case (Case No. 18-16836, ECF No. 17).
10    After she received her discharge in 2019, Plaintiff continued to repay the KeyBank
11  Loans until August 2022 (ECF No. 9, Exhibits C and D).
12    On July 17, 2023, the Administrative Case was reopened (Case No. 18-16836, ECF No.
13  18), and Davis commenced the Adversary by refiling the FAC (ECF No. 1).
14    After the Court took this matter under submission, on February 6, 2024, on behalf of
15  herself and a putative class of similarly situated individuals, Davis initiated a contested matter
16  by filing a *Motion for Sanctions for Violation of the Discharge Injunction* ("Contempt Motion")
17  in the Administrative Case, seeking sanctions against KeyBank and AES for their violation of
18  11 U.S.C. § 524 (Case No. 18-16836, ECF No. 32).
19    The Contempt Motion is the subject of ongoing discovery between Davis and
20  Defendants.  Whether Davis discharged the KeyBank Loans has yet to be determined.
21

---

22  [6] 11 U.S.C. § 523(a)(8) states:

23    (a)A discharge under section 727. . . of this title does not discharge an individual debtor
      from any debt – unless excepting such debt from discharge under this paragraph would
24    impose an undue hardship on the debtor and the debtor's dependents, for—

25    (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a
      governmental unit, or made under any program funded in whole or in part by a
26    governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as
      an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a
27    qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of
      1986, incurred by a debtor who is an individual[.]

4



### The Parties' Positions

Plaintiff alleges that "[j]ust like most of Plaintiff's consumer debts, her private student loans were discharged in her bankruptcy proceeding." (ECF No. 1, ¶ 32). Asserting without establishing that the KeyBank Loans were discharged, Plaintiff asserts that KeyBank and AES violated state and federal laws and were unjustly enriched by accepting Plaintiff's payments after she received her discharge and by continuing to report those debts to consumer reporting agencies.  Davis seeks actual, compensatory, and punitive damages, and an award of costs and reasonable attorneys' fees.

Defendants contend the FAC must be dismissed because:  (1) Ninth Circuit precedent establishes that a debtor cannot assert a private right of action based on the 524 Claim; (2) bringing the 524 claim in the Adversary is procedurally improper; (3) all of Davis's remaining claims are simultaneous or functionally equivalent to the 524 Claim; (4) the unjust enrichment claim is barred by Nevada's voluntary payment doctrine; (5) the FAC does not plausibly establish the KeyBank Loans were not discharged and/or that KeyBank had no objectively reasonable basis for believing the Loans were discharged; (6) the doctrine of judicial estoppel bars the FAC; (7) the FCRA claim should be dismissed because it involves an unsettled legal question; 8) Davis did not satisfy the heightened pleading standard of FRCP 9(b) required by the NDTPA; 9) the NDTPA does not apply because the statute only applies to transactions involving the sale or lease of goods and services, and Defendants were not involved in either.

In opposition, Davis contends that: (1) the FAC does not assert a prohibited private right of action but rather seeks declaratory relief and enforcement of the discharge injunction by invoking the bankruptcy court's contempt powers under 11 U.S.C. § 105; (2) Plaintiff's standalone claims under the FCRA, for unjust enrichment, and under the NDTPA are not functionally equivalent to 524 claims; (3) Defendants had no objectively reasonable basis for not believing the KeyBank Loans were discharged; (4) judicial estoppel does not bar Davis's claims; (5) the FAC plausibly alleges the KeyBank Loans were discharged; (6) there is no

000513

6520300051 4059



unsettled legal question that causes the FCRA claim to fail as a matter of law; and (7) the NDTPA does apply to Defendants' conduct.

**Legal Authorities**

Federal Rule of Civil Procedure ("FRCP") 12(b)(6), incorporated by Fed. R. Bankr. P. 7012, permits a complaint to be dismissed for failure to state a claim for which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quotations omitted), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a motion under FRCP 12(b)(6), the court accepts as true all factual allegations made by, and draws all reasonable inferences in favor of, the plaintiff. See Dowers v. Nationstar Mortg., LLC, 852 F.3d 964, 969 (9th Cir. 2017), citing Ashcroft, 556 U.S. at 678. Dismissal is appropriate if there is "a lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." In re Tracht Gut, LLC, 836 F.3d 1146, 1151 (9th Cir. 2016) (citation omitted). This pleading standard applies to "all civil actions." Ashcroft, 556 U.S. at 684.

Bankruptcy Code § 524(a)(2) states: "A discharge in a case under this title—operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debtor is waived[.]" 11 U.S.C. § 524(a)(2).

If a creditor violates the discharge injunction, § 524 provides no private right of action to the aggrieved debtor. Brown v. Transworld Sys., Inc., 73 F.4th 1030, 1038 (9th Cir. 2023) (confirming Ninth Circuit precedent that no private right of action is available to a debtor for an alleged violation of the discharge injunction); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506-09 (9th Cir. 2002). To seek redress for a violation of the discharge injunction, a debtor must move for contempt of court pursuant to 11 U.S.C. § 105. Walls, 276 F.3d at 510; Barrientos v.

000513      6520300051 4059



1  Wells Fargo Bank, N.A., 633 F.3d 1186, 1189 (9th Cir. 2011) (adversary proceedings, governed

2  by Fed. R. Bankr. P. 7001, are "unavailable as a vehicle to enforce § 524."). Section 105 states

3  that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to

4  carry out the provisions of this title."  11 U.S.C. § 105.  "The discharge order is a 'specific and

5  definite court order' that may support contempt."  Albert-Sheridan v. State Bar of Cal. (In re

6  Albert-Sheridan, 658 B.R. 516, 538 (9th Cir. B.A.P. 2024). The Court's contempt powers under

7  § 105 "allow[] an aggrieved debtor to obtain compensatory damages, attorneys fees, and the

8  offending creditor's compliance with the discharge injunction," and therefore, rendering any

9  further remedy for a § 524 violation unnecessary.  Brown, 73 F.4th at 1038 (quoting Walls, 276

10  F.3d at 507).

11          In considering whether to imply a private right of action into § 524, the Ninth Circuit

12  Court of Appeals reasoned:

13          Implying a private remedy . . . could put enforcement of the discharge injunction
            in the hands of a court that did not issue it (perhaps even in the hands of the jury),
14          which is inconsistent with the present scheme that leaves enforcement to the
            bankruptcy judge whose discharge order gave rise to the injunction.  This makes a
15          good deal of sense, given that the equities at issue are bankruptcy equities, and it
            would undermine Congress's deliberate decision to place supervision of discharge
16          in the bankruptcy court....

17  Walls 276 F.3d at 509.  The determination of whether a debt has been discharged is exclusively

18  within the jurisdiction of the bankruptcy court.  Banks v. Gill Dist. Ctrs., Inc., 263 F.3d 862, 868

19  (9th Cir. 2001).

20          The distinction between an adversary proceeding (those actions enumerated in Fed. R.

21  Bankr. P. 7001) and a contested matter (initiated by filing a § 105 contempt motion) is

22  particularly important when a debtor seeks damages on behalf of a putative class.  The debtors in

23  Walls and Brown both filed class actions on behalf of similarly situated Chapter 7 bankruptcy

24  debtors, and in both cases, the Ninth Circuit's refusal to recognize a private right of action

25  arising from a violation of § 524 extinguished the class actions on behalf of other similarly

26

27

                                                    7



situated debtors.[7]  Allowing a class action to go forward would impermissibly place enforcement of discharge orders into the hands of a court that did not issue them. Walls, 276 F.3d at 509; Brown, 73 F.4th at 1038.[8]

Walls also precludes pursuit of adversary claims that arise from the violation of the discharge injunction.  Id. at 510.  In addition to her § 524 claim, the debtor in Walls asserted a Fair Debt Collections Practices Act claim ("FDCPA claim") based on the lender's violation of the discharge injunction.  In dismissing the FDCPA claim, the Ninth Circuit Court of Appeals stated:

> There is no escaping that Walls's FDCPA claim is based on an alleged violation of § 524.  As the district court noted, this necessarily entails bankruptcy-laden determinations. . .. The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105.  To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door—a private right of action.  This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt.

Walls, 276 F.3d 510; see also Brown, 73 F.4th at 1038 (dismissing the debtor's FDCPA claim based on Walls because the FDCPA claim was premised on the creditor's violation of the discharge order).

### The Court Must Dismiss The 524 Claim.

Based on the legal authorities cited above, the decision on the core issue here is straight forward. Walls and its progeny firmly establish that Davis has no private right of action for her § 524 Claim.  Therefore, Davis's commencement of the Adversary in pursuit of a remedy for Defendants' purported violation of § 524 was procedurally improper.  The only vehicle for remedying the purported violation of the discharge injunction is a motion for contempt under § 105.  Perhaps recognizing the insurmountable effect that Walls, Barrientos, and Brown have

---

[7]  In Brown, the Ninth Circuit affirmed the dismissal of the § 524 claims but reversed as to the FDCPA claim that was based on an alternative and unrelated theory of liability.

[8]  A debtor cannot seek contempt or declaratory relief on a national class-wide basis.  Bruce v. Citigroup Inc., 75 F.4th 297, 306 (2d Cir. 2003).

8

000513      6 5 2 0 3 0 0 0 5 1 4 0 6 8



on her 524 Claim, Davis filed the Contempt Motion under § 105, which is currently (and properly) pending before the Court.  As part of the Contempt Motion, the Court will decide the unresolved bankruptcy questions regarding whether Davis discharged the KeyBank Loans, and if so, whether and what sanctions against KeyBank and AES may be warranted and appropriate. Based on binding Ninth Circuit law, the Court will enter an order dismissing the 524 Claim with prejudice.

**<u>Recommendation to the District Court to Dismiss the Non-Core Claims</u>**

Turning now to the non-core claims, on behalf of herself and the putative class, Davis alleges: (i) Defendants violated the FCRA by reporting *the discharged debts* to court reporting agencies (ECF No. 1, ¶¶138-158); (ii) Defendants were unjustly enriched by collecting payments from Davis on *the discharged debts* (Id., ¶¶ 159-160; and (iii) Defendants violated the NDTPA by making false representations regarding *the discharged debts* and illegally attempting to collect *the discharged debts*, which constitute consumer fraud under the statute. Id., ¶¶ 167-172).  The Court finds and concludes that each of these claims arises directly from and is functionally equivalent to the 524 Claim.

Although the Ninth Circuit has not held expressly that <u>Walls</u> precludes FCRA claims (as opposed to FDCPA claims), based on alleged violation of 524, the Ninth Circuit's logic and reasoning in <u>Walls</u> and <u>Brown</u> apply to and foreclose the FCRA and other non-core claims raised here. Each of these claims are predicated on the 524 Claim and cannot survive the dismissal of the 524 Claim.  Allowing these simultaneous claims to move forward against the Defendants would enable Davis to bring a private right of action against Defendants through the back door, the exact situation precluded under <u>Walls</u> and <u>Brown</u>.  Whether the KeyBank Loans were discharged and whether Defendants have violated the discharge injunction have yet to be decided.  However, even if Davis's 524 Claim is meritorious, under <u>Walls</u>, the non-core claims should be dismissed because Davis's sole remedy is contempt under § 105.

9

000513



1   Therefore, based on Ninth Circuit precedent set forth in <u>Walls</u>, <u>Barrientos</u>, and <u>Brown</u>,

2   the Court recommends to the District Court that it enter an order dismissing the remaining

3   claims with prejudice.

4   While the parties raise other arguments as to why Davis's claims should or should not

5   move forward, given binding Ninth Circuit precedent requiring dismissal of the FAC on the

6   above-mentioned grounds, the Court need not address them.

7   <div align="center">**<u>Conclusion</u>**</div>

8   Based on the foregoing, the Court will enter a separate order dismissing the 524 Claim

9   and staying the Adversary, and in accordance with Fed. R. Bankr. P. 9033, send this

10  Memorandum Decision and Recommendation to the District Court for final adjudication of the

11  non-core claims.

12

13  <div align="center">**SIGNED AND DATED ABOVE.**</div>

14

15  Copy sent to all parties and/or their counsel via CM/ECF electronic mailing.

16

17

18

19

20

21

22

23

24

25

26

27

<div align="center">10</div>



add note

**U.S. Bankruptcy Court**
**District of Nevada (Las Vegas)**
**Adversary Proceeding #: 23-01110-hlb**

*Assigned to:* HILARY L. BARNES                                       *Date Filed:* 07/17/23
*Lead BK Case:* 18-16836                                              *Date Removed From State:* 07/17/23
*Lead BK Title:* AMANDA RAE DAVIS
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 01 Determination of removed claim or cause

### Plaintiff
--------------------

**AMANDA DAVIS,** *INDIVIDUALLY AND ON BEHALF OF ALL*          represented by **GERARDO AVALOS**
*OTHERS SIMILARLY SITUATED*                                                    FREEDOM LAW FIRM
2096 FALLSBURY WAY                                                             8985 S EASTERN AVE STE 350
HENDERSON, NV 89002                                                           LAS VEGAS, NV 89123
                                                                              *LEAD ATTORNEY*

                                                                              **GEORGE HAINES**
                                                                              FREEDOM LAW FIRM, LLC.
                                                                              8985 S. EASTERN AVE.
                                                                              SUITE 100
                                                                              LAS VEGAS, NV 89123
                                                                              702-880-5554
                                                                              Email: ghaines@freedomlegalteam.com
                                                                              *LEAD ATTORNEY*

V.

### Defendant
--------------------

**KEYBANK N.A.**                                              represented by **KIP T BOLLIN**
127 PUBLIC SQUARE                                                             THOMPSON HINE LLP
CLEVELAND, OH 44114                                                           3900 KEY CENTER
                                                                             127 PUBLIC SQUARE
                                                                             CLEVELAND, OH 44114
                                                                             *LEAD ATTORNEY*

                                                                             **JARED INOUYE**
                                                                             BENNETT TUELLER JOHNSON & DEERE
                                                                             3165 EAST MILLROCK DR STE 500
                                                                             SALT LAKE CITY, UT 84121
                                                                             *LEAD ATTORNEY*

                                                                             **JARED L. INOUYE**
                                                                             BENNETT TUELLER JOHNSON AND DEERE
                                                                             3165 EAST MILLROCK DRIVE
                                                                             SUITE 500
                                                                             SALT LAKE CITY, UT 84121
                                                                             801-438-2000
                                                                             Fax : 801-438-2050
                                                                             Email: jinouye@btjd.com

                                                                             **MATTHEW L. JOHNSON**
                                                                             JOHNSON & GUBLER, P.C.
                                                                             8831 WEST SAHARA AVENUE
                                                                             LAS VEGAS, NV 89117
                                                                             (702) 471-0065
                                                                             Fax : (702) 471-0075
                                                                             Email: mjohnson@mjohnsonlaw.com

                                                                             **JESSICA E. SALISBURY-COPPER**
                                                                             THOMPSON HINE LLP
                                                                             10050 INNOVATION DRIVE, SUITE 400
                                                                             MIAMISBURG, OH 45342

000513                                        65203000514086



*LEAD ATTORNEY*

**TODD M. SEAMAN**
41 SOUTH HIGH STREET, SUITE 1700
COLUMBUS, OH 43215
*LEAD ATTORNEY*

*Defendant*
--------------------

**KEYBANK TRUST**                                            represented by **KIP T BOLLIN**
C/O MATTHEW L JOHNSON                                        (See above for address)
JOHNSON & GUBLER PC 8831 W SAHARA AVE                        *LEAD ATTORNEY*
LAS VEGAS, NV 89117
*dba* **AMERICAN EDUCATION SERVICES LLC**                   **JARED INOUYE**
*dba* **KEYCORP STUDENT LOAN TRUST**                         (See above for address)
                                                             *LEAD ATTORNEY*

                                                             **JARED L. INOUYE**
                                                             (See above for address)

                                                             **MATTHEW L. JOHNSON**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*

                                                             **JESSICA E SALISBURY-COOPER**
                                                             THOMPSON HINE LLP
                                                             10050 INNOVATION DR STE 400
                                                             MIAMISBURG, OH 45342
                                                             *LEAD ATTORNEY*

                                                             **TODD SEAMAN**
                                                             THOMPSON HINE LLP
                                                             41 S HIGH ST STE 1700
                                                             COLUMBUS, OH 43215-6101
                                                             *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 07/17/2023 | 1 (27 pgs) | Adversary case 23-01110. Complaint Filed by AMANDA DAVIS vs. KEYBANK N.A., KEYBANK TRUST Fee Amount $350. (01 (Determination of removed claim or cause)(dcl) (Entered: 07/17/2023) |
| 07/17/2023 | 2 (3 pgs) | (COPY) USDC ORDER (22-cv-01645-JAD-EJY) REFERRING CLAIMS TO BANKRUPTCY COURT AND STAYING REMAINDER OF CASE (Related document(s)1 Complaint filed by Plaintiff AMANDA DAVIS.) (dcl) (Entered: 07/17/2023) |
| 07/17/2023 | 3 (1 pg) | Notice of Status Hearing. Status Hearing to be held on 10/18/2023 at 11:00 AM at HLB Zoom Teleconference Line. (Related document(s)1 Complaint filed by Plaintiff AMANDA DAVIS.) (dcl) (Entered: 07/17/2023) |
| 07/19/2023 | 4 (3 pgs) | BNC Certificate of Notice. (Related document(s)3 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 8. Notice Date 07/19/2023. (Admin.) (Entered: 07/19/2023) |
| 07/27/2023 | 5 | Request to Issue Summons On: KEYBANK N.A., KEYBANK TRUST. Filed by GEORGE HAINES on behalf of AMANDA DAVIS (HAINES, GEORGE) (Entered: 07/27/2023) |
| 07/28/2023 | 6 (4 pgs) | Summons Issued on KEYBANK N.A. , KEYBANK TRUST (arv) (Entered: 07/28/2023) |
| 08/02/2023 | 7 (1 pg) | Summons Service Executed on AMERICAN EDUCATION SERVICES LLC 7/27/2023 Filed by GEORGE HAINES on behalf of AMANDA DAVIS (Related document(s)1 Complaint filed by Plaintiff AMANDA DAVIS.) (HAINES, GEORGE) (Entered: 08/02/2023) |
| 08/18/2023 | 8 (1 pg) | Summons Service Executed on KEYBANK N.A. 8/3/2023; KEYBANK TRUST 8/3/2023 Filed by GEORGE HAINES on behalf of AMANDA DAVIS (Related document(s)1 Complaint filed by Plaintiff AMANDA DAVIS.) (HAINES, GEORGE) (Entered: 08/18/2023) |

| | | |
|---|---|---|
| 09/27/2023 | ●9<br>(53 pgs; 5 docs) | Motion for Summary Judgment with Certificate of Service Filed by ADAM KYLE BULT on behalf of Pennsylvania Higher Education Assistance Agency (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (BULT, ADAM) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 09/27/2023) |
| 09/27/2023 | ●10<br>(4 pgs) | Declaration Of: Patrick J. Reilly In Support Of Motion To Dismiss Or, Alternatively, For Summary Judgment with Certificate of Service Filed by ADAM KYLE BULT on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)9 Motion for Summary Judgment filed by Defendant Pennsylvania Higher Education Assistance Agency.) (BULT, ADAM) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 09/27/2023) |
| 09/29/2023 | ●11<br>(2 pgs) | Stipulation By KEYBANK N.A. and Between Amanda Davis *to Extend Time to File Response to Plaintiff's Complaint* Filed by MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)1 Complaint filed by Plaintiff AMANDA DAVIS.) (JOHNSON, MATTHEW) (Entered: 09/29/2023) |
| 10/02/2023 | ●12<br>(1 pg) | Notice of Docketing Error (Related document(s)11 Stipulation filed by Defendant KEYBANK N.A..) (arv) (Entered: 10/02/2023) |
| 10/03/2023 | ●13<br>(2 pgs) | Stipulation By KEYBANK N.A. and Between Amanda Davis *to Extend Time to File Response to Plaintiff's Complaint* Filed by MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)1 Complaint filed by Plaintiff AMANDA DAVIS, 8 Summons Service Executed filed by Plaintiff AMANDA DAVIS.) (JOHNSON, MATTHEW) (Entered: 10/03/2023) |
| 10/06/2023 | ●14<br>(5 pgs) | Stipulated/Agreed Order (Related document(s)13 Stipulation filed by Defendant KEYBANK N.A..) (jow) (Entered: 10/06/2023) |
| 10/13/2023 | ●15<br>(2 pgs) | Notice *Notice of Nevada Designation of Service Attorney Pursuant to LR IA 11-1(b)* Filed by MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (JOHNSON, MATTHEW) (Entered: 10/13/2023) |
| 10/13/2023 | ●16<br>(2 pgs) | Notice of Appearance *Notice of Appearance on Behalf of Keybank N.A.* Filed by MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (JOHNSON, MATTHEW) (Entered: 10/13/2023) |
| 10/16/2023 | ●17<br>(1 pg) | Notice of Verified Petition Requirement Local Rule IA 11-2 Verified Petition due by 10/30/2023. (Related document(s)16 Notice of Appearance filed by Defendant KEYBANK N.A..) (arv) (Entered: 10/16/2023) |
| 10/16/2023 | ●18<br>(1 pg) | Notice of Docketing Error (Related document(s)15 Notice filed by Defendant KEYBANK N.A..) (arv) (Entered: 10/16/2023) |
| 10/16/2023 | ●19<br>(4 pgs) | Notice of Hearing *for Motion to Dismiss or, Alternatively, for Summary Judgment* Hearing Date: 12/07/2023 Hearing Time: 10:00 a.m. with Certificate of Service Filed by PATRICK REILLY on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Assistance Agency.)(REILLY, PATRICK) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 10/16/2023) |
| 10/16/2023 | ●20<br>(145 pgs; 4 docs) | Motion to Dismiss Case */Amended Complaint* with Certificate of Service Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (Attachments: # 1 Exhibit A - Bankruptcy Petition filed by Amanda Rae Davis in Case No. 18-16836-btb on November 16, 2018 # 2 Exhibit B - U.S. Bankruptcy Court - Instructions - Bankruptcy Forms for Individuals December 2015 (Rev. April 2022) # 3 Exhibit C - Order of Discharge filed in the Amanda Rae Davis bankruptcy Case No. 18-16836-btb on February 26, 2019)(INOUYE, JARED) (Entered: 10/16/2023) |
| 10/17/2023 | ●21 | Hearing Scheduled/Rescheduled. Hearing scheduled 12/7/2023 at 10:00 AM at Remote. (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Association.) (arv) (Entered: 10/17/2023) |
| 10/17/2023 | ●22<br>(2 pgs) | Amended Designation of Local Counsel Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A., KEYBANK TRUST (Related document(s)15 Notice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 10/17/2023) |
| 10/18/2023 | ●23<br>(2 pgs) | Joinder *to Motion to Dismiss Plaintiff's Amended Complaint Filed by Keybank N.A. and Memorandum of Points and Authorities in Support Thereof* with Certificate of Service Filed by PATRICK REILLY on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)20 Motion to Dismiss Case filed by Defendant KEYBANK N.A..) (REILLY, PATRICK) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 10/18/2023) |
| 10/18/2023 | ●24<br>(2 pgs) | BNC Certificate of Notice - pdf (Related document(s)18 Notice of Docketing Error) No. of Notices: 1. Notice Date 10/18/2023. (Admin.) (Entered: 10/18/2023) |
| 10/18/2023 | ●25<br>(2 pgs) | BNC Certificate of Notice. (Related document(s)17 Notice of Verified Petition Requirement (BNC-Adv)) No. of Notices: 1. Notice Date 10/18/2023. (Admin.) (Entered: 10/18/2023) |

| | | |
|---|---|---|
| 10/18/2023 | ●26 | **Minute Entry** Re: hearing on 10/18/2023. Continued. (related document(s): 1 Complaint filed by AMANDA DAVIS) Appearances: GEORGE HAINES, JARED INOUYE, PATRICK REILLY (Hearing scheduled 12/07/2023 at 10:00 AM at HLB-Courtroom 4, Foley Federal Bldg. (iah) (Entered: 10/23/2023) |
| 10/24/2023 | ●27 (3 pgs) | Notice of Hearing *for All Pending Motions* Hearing Date: 12/07/2023 Hearing Time: 10:00 with Certificate of Service Filed by PATRICK REILLY on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Assistance Agency, 20 Motion to Dismiss Case filed by Defendant KEYBANK N.A..)(REILLY, PATRICK) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 10/24/2023) |
| 10/25/2023 | ●28 | Hearing Scheduled/Rescheduled. Hearing scheduled 12/7/2023 at 10:00 AM at Remote. (Related document(s)20 Motion to Dismiss Case filed by Defendant KEYBANK N.A..) (arv) (Entered: 10/25/2023) |
| 11/03/2023 | ●29 (2 pgs) | Notice of Hearing. LOCATION CHANGE: Hearing scheduled 12/7/2023 at 10:00 AM at HLB-Courtroom 4, Foley Federal Bldg. (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Assistance Agency, 20 Motion to Dismiss Case filed by Defendant KEYBANK N.A..) (dcl) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 11/03/2023) |
| 11/05/2023 | ●30 (4 pgs) | BNC Certificate of Notice. (Related document(s)29 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 4. Notice Date 11/05/2023. (Admin.) (Entered: 11/05/2023) |
| 11/24/2023 | ●31 (18 pgs) | Opposition Filed by GEORGE HAINES on behalf of AMANDA DAVIS (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Assistance Agency.) (HAINES, GEORGE) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 11/24/2023) |
| 11/24/2023 | ●32 (19 pgs) | Opposition Filed by GEORGE HAINES on behalf of AMANDA DAVIS (Related document(s)20 Motion to Dismiss Case filed by Defendant KEYBANK N.A.., 23 Joinder filed by Interested Party Pennsylvania Higher Education Assistance Agency.) (HAINES, GEORGE) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 11/24/2023) |
| 12/01/2023 | ●33 (3 pgs) | Errata with Certificate of Service Filed by PATRICK REILLY on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Assistance Agency.) (REILLY, PATRICK) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 12/01/2023) |
| 12/01/2023 | ●34 (18 pgs) | Reply *Memorandum In Support Of Motion To Dismiss Or, Alternatively, For Summary Judgment* with Certificate of Service Filed by PATRICK REILLY on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Assistance Agency.) (REILLY, PATRICK) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 12/01/2023) |
| 12/01/2023 | ●35 (18 pgs) | Reply *in Support of Defendant KeyBank, N.A.'s Motion to Dismiss* with Certificate of Service Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (Related document(s)20 Motion to Dismiss Case filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/01/2023) |
| 12/04/2023 | ●36 (2 pgs) | Joinder *to Reply in Support of Defendant Keybank, N.A.s Motion to Dismiss* with Certificate of Service Filed by PATRICK REILLY on behalf of Pennsylvania Higher Education Assistance Agency (Related document(s)35 Reply filed by Defendant KEYBANK N.A..) (REILLY, PATRICK) Modified on 12/12/2023 for correct party filer (Hammill, IA). (Entered: 12/04/2023) |
| 12/04/2023 | ●37 (4 pgs) | Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. *(Kip T. Bollin)* Fee Amount $250. VP Follow-up Date 12/18/2023 Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (INOUYE, JARED) (Entered: 12/04/2023) |
| 12/04/2023 | | Receipt of Filing Fee for Verified Petition/Pro Hac Vice( 23-01110-hlb) [misc,verpeta] ( 250.00). Receipt number B21420588, fee amount $ 250.00.(re: Doc#37) (U.S. Treasury) (Entered: 12/04/2023) |
| 12/04/2023 | ●38 (5 pgs) | Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. *(Jessica E. Salisbury-Copper)* Fee Amount $250. VP Follow-up Date 12/18/2023 Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (INOUYE, JARED) (Entered: 12/04/2023) |
| 12/04/2023 | ●39 (4 pgs) | Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. *(Todd M. Seaman)* Fee Amount $250. VP Follow-up Date 12/18/2023 Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (INOUYE, JARED) (Entered: 12/04/2023) |
| 12/04/2023 | | Receipt of Filing Fee for Verified Petition/Pro Hac Vice( 23-01110-hlb) [misc,verpeta] ( 250.00). Receipt number A21420616, fee amount $ 250.00.(re: Doc#38) (U.S. Treasury) (Entered: 12/04/2023) |

000513    65203000514095



| | | |
|---|---|---|
| 12/04/2023 | | Receipt of Filing Fee for Verified Petition/Pro Hac Vice (23-01110-hlb) [misc,verpeta] ( 250.00). Receipt number A21420616, fee amount $ 250.00.(re: Doc#39) (U.S. Treasury) (Entered: 12/04/2023) |
| 12/04/2023 | ●40<br>(4 pgs) | Designation of Local Counsel *(Kip T. Bollin)* Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)37 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/04/2023) |
| 12/04/2023 | ●41<br>(5 pgs) | Designation of Local Counsel *(Jessica E. Salisbury-Copper)* Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)38 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/04/2023) |
| 12/04/2023 | ●42<br>(4 pgs) | Designation of Local Counsel *(Todd M. Seaman)* Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)39 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/04/2023) |
| 12/05/2023 | ●43<br>(2 pgs) | Notice of Docketing Error (Related document(s)37 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A., 38 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A., 39 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A., 40 Designation of Local Counsel filed by Defendant KEYBANK N.A., 41 Designation of Local Counsel filed by Defendant KEYBANK N.A., 42 Designation of Local Counsel filed by Defendant KEYBANK N.A..) (arv) (Entered: 12/05/2023) |
| 12/05/2023 | ●44<br>(4 pgs) | Amended Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. *(Kip T. Bollin)* Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (Related document(s)37 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/05/2023) |
| 12/05/2023 | ●45<br>(5 pgs) | Amended Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. *(Jessica E. Salisbury-Copper)* Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (Related document(s)38 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/05/2023) |
| 12/05/2023 | ●46<br>(4 pgs) | Amended Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. *(Todd M. Seaman)* Filed by JARED L. INOUYE on behalf of KEYBANK N.A. (Related document(s)39 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/05/2023) |
| 12/05/2023 | ●47<br>(4 pgs) | Amended Designation of Local Counsel *(Kip T. Bollin)* Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)44 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/05/2023) |
| 12/05/2023 | ●48<br>(5 pgs) | Amended Designation of Local Counsel *(Jessica E. Salisbury-Copper)* Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)45 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/05/2023) |
| 12/05/2023 | ●49<br>(4 pgs) | Amended Designation of Local Counsel *(Todd M. Seaman)* Filed by JARED L. INOUYE, MATTHEW L. JOHNSON on behalf of KEYBANK N.A. (Related document(s)46 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (INOUYE, JARED) (Entered: 12/05/2023) |
| 12/06/2023 | ●50<br>(1 pg) | Order Approving Verified Petition (Related document(s)44 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (arv) (Entered: 12/06/2023) |
| 12/06/2023 | ●51<br>(1 pg) | Order Approving Verified Petition (Related document(s)45 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (arv) (Entered: 12/06/2023) |
| 12/06/2023 | ●52<br>(1 pg) | Order Approving Verified Petition (Related document(s)46 Verified Petition/Pro Hac Vice filed by Defendant KEYBANK N.A..) (arv) (Entered: 12/06/2023) |
| 12/06/2023 | ●53<br>(3 pgs) | Stipulation By PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY and Between Gerado Avalos with Certificate of Service Filed by PATRICK REILLY on behalf of PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (Related document(s)9 Motion for Summary Judgment filed by Interested Party Pennsylvania Higher Education Association.) (REILLY, PATRICK) (Entered: 12/06/2023) |
| 12/07/2023 | ●54<br>(4 pgs) | BNC Certificate of Notice - pdf (Related document(s)43 Notice of Docketing Error) No. of Notices: 1. Notice Date 12/07/2023. (Admin.) (Entered: 12/07/2023) |
| 12/08/2023 | ●55<br>(3 pgs) | BNC Certificate of Notice. (Related document(s)50 Order Approving Verified Petition) No. of Notices: 1. Notice Date 12/08/2023. (Admin.) (Entered: 12/08/2023) |

| | | |
|---|---|---|
| 12/08/2023 | ⊘ 56<br>(3 pgs) | BNC Certificate of Notice. (Related document(s)51 Order Approving Verified Petition) No. of Notices: 1. Notice Date 12/08/2023. (Admin.) (Entered: 12/08/2023) |
| 12/08/2023 | ⊘ 57<br>(3 pgs) | BNC Certificate of Notice. (Related document(s)52 Order Approving Verified Petition) No. of Notices: 1. Notice Date 12/08/2023. (Admin.) (Entered: 12/08/2023) |
| 12/27/2023 | ⊘ 58<br>(41 pgs) | Transcript regarding Hearing Held on 12/7/23. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, Telephone number (855) 873-2223. Purchasing Party: Patrick J. Reilly. Redaction Request Due By 01/17/2024. Redacted Transcript Submission Due By 01/29/2024. Transcript access will be restricted through 03/26/2024. (ACCESS TRANSCRIPTS, LLC) (Entered: 12/27/2023) |
| 12/27/2023 | ⊘ 59<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) 58 . (admin) (Entered: 12/27/2023) |
| 12/30/2023 | ⊘ 60<br>(3 pgs) | BNC Certificate of Notice - pdf (Related document(s)59 Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 10. Notice Date 12/30/2023. (Admin.) (Entered: 12/30/2023) |
| 05/10/2024 | ⊘ 62<br>(10 pgs) | Memorandum Decision And Recommendation (BNC) (Related document(s)9 Motion for Summary Judgment filed by Interested Party PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Interested Party Pennsylvania Higher Education Association.) (ccc) (Entered: 05/10/2024) |
| 05/10/2024 | ⊘ 63<br>(2 pgs) | Order Partially Granting Motions To Dismiss And Staying Adversary Proceeding(Related document(s)9 Motion for Summary Judgment filed by Interested Party PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Interested Party Pennsylvania Higher Education Association, 20 Motion to Dismiss Case filed by Defendant KEYBANK N.A..) (ccc) (Entered: 05/10/2024) |
| 05/12/2024 | ⊘ 64<br>(12 pgs) | BNC Certificate of Notice - pdf (Related document(s)62 Memorandum Decision (BNC)) No. of Notices: 9. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/30/2024 | ⊘ 65<br>(2 pgs) | Notice of Filing of 28USC 157( c) Memorandum Decision and Recommendation by the U.S. Bankruptcy Court for Review by a U.S. District Court Judge Filed by Warning: party not known(Related document(s)62 Memorandum Decision (BNC).)(dcl) (Entered: 05/30/2024) |

000513    6 5 2 0 3 0 0 0 5 1 4 1 0 3





SAT-65203 0978-2 pdf928 23-01110
BAE Systems
Bankruptcy Noticing Center
45479 Holiday Drive
Sterling, VA 20166-9411

000513  513 3 MB 0.568  89101  4 6  10160-2-513

UNITED STATES DISTRICT COURT
333 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NV 89101-7065

Electronic Bankruptcy Noticing

**Go Green!**
Sign up for electronic notices. FREE!
Receive notices 24 X 7 and days faster
than through US Mail.
Try our new Email Link service.

To find out how, visit:
<u>https://bankruptcynotices.uscourts.gov</u>