**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Amanda Davis,

    Plaintiff

v.

KeyBank N.A., et al.,

    Defendants

Case No.: 2:22-cv-01645-JAD-EJY

**Order Adopting Bankruptcy Court's Recommendation and Dismissing and Closing Case**

[ECF No. 59]

    Plaintiff Amanda Davis sues KeyBank N.A. and American Education Services, LLC for collecting on debts that she claims were discharged in bankruptcy and for reporting those debts as current to credit-reporting agencies. She brings claims for unjust enrichment and violations of the bankruptcy code, the Fair Credit Reporting Act (FCRA), and Nevada's Deceptive Trade Practices Act (NDTPA).[1] A year ago I referred to the District of Nevada Bankruptcy Court "all core bankruptcy issues in this case and non-core issues that the parties consent to be adjudicated by the bankruptcy court—subject to the limitations on that court's jurisdiction."[2]

    On June 4, 2024, the bankruptcy court transmitted a memorandum decision dismissing Davis's claim that the defendants violated the court's bankruptcy-discharge injunction under 11 U.S.C. § 524 (a core bankruptcy issue), finding that there is no private right of action under that statute.[3] The court also recommends that I dismiss Davis's remaining unjust-enrichment, FCRA, and NDTPA claims (non-core bankruptcy issues) because allowing those claims would "enable

---

[1] *See* ECF No. 16 (amended complaint).

[2] ECF No. 58.

[3] ECF No. 59 at 10–13. The bankruptcy court retains jurisdiction over a motion for contempt that Davis filed in that court challenging the defendants' alleged violation of the discharge injunction.

Davis to bring a private right of action against defendants through the back door," a move that is foreclosed by Ninth Circuit precedent.[4]

Under 28 U.S.C. § 157(c)(1), "a bankruptcy court may hear a proceeding that is not a core proceeding but that is otherwise related" to a core bankruptcy issue.[5] To resolve those non-core issues, "the bankruptcy judge [must] submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment [must] be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."[6] Federal Rule of Bankruptcy Procedure 9033 gives parties 14 days to "serve and file . . . written objections [that] identify the specific proposed findings or conclusions objected to and state the grounds for such objection."[7] Any part of the bankruptcy judge's recommendation that has been objected to must be reviewed de novo.[8]

Neither party objected to the bankruptcy court's recommendation, and the deadline to do so has passed. I find that the recommendation to dismiss Davis's unjust-enrichment, FCRA, and NDTPA claims is legally correct. In *Brown v. Transworld Systems Inc.*, the Ninth Circuit reiterated its longstanding holding that "a debtor who alleges a violation of a bankruptcy court's discharge order has no private right of action under 11 U.S.C. § 524" and cannot "pursue a [Fair

---

[4] *Id.* at 13 (citing *Walls v. Wells Fargo Bank N.A.*, 276 F.3d 502, 506–09 (9th Cir. 2002) and *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1038 (9th Cir. 2023)).

[5] 28 U.S.C. § 157(c)(1).

[6] *Id.*

[7] Fed. R. Bank. P. 9033(b).

[8] *Id.* at 9033(c); *see also In re Nantahala Village, Inc.*, 976 F.2d 876, 880 (4th Cir. 1992) (holding that a district court need not review a bankruptcy judge's findings and conclusions if the parties didn't timely object).

Debt Collection Practices Act] claim based on a violation of the discharge order," since permitting such a claim "would allow a private right of action 'through the back door.'"[9] The bankruptcy judge persuasively reasoned that the same prohibition applies to Davis's attempts to challenge the defendants' alleged discharge-injunction violations through her unjust-enrichment, FCRA, and NDTPA claims.[10] As the bankruptcy judge held, Davis's sole remedy is to seek a contempt order under 11 U.S.C. § 105, and she is currently pursuing that remedy in bankruptcy court. I agree with the bankruptcy judge's reasoning, adopt it here, dismiss Davis's remaining claims, and close this case.

## Conclusion

IT IS THEREFORE ORDERED that the United States Bankruptcy Court for the District of Nevada's recommendation to dismiss plaintiff Amanda Davis's claims for unjust enrichment and violations of the Fair Credit Reporting Act and the Nevada Deceptive Trade Practices Act **[ECF No. 59] is ADOPTED** in its entirety. Those claims are **DISMISSED** with prejudice. **The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 21, 2024

---

[9] *Brown*, 73 F.4th at 1038.
[10] ECF No. 59 at 13–14.